**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 12-05014 EAG |
| FRANCISCO JOSE CARRILLO VAZQUEZ, | CHAPTER 13 |
| DEBTOR. | FILED & ENTERED ON 03/31/2015 |

**OPINION AND ORDER**

Pending before the court is a motion for relief of stay, filed by creditor Francis Vazquez Roura ("Vazquez," or "creditor"), and the opposition thereto, filed by debtor Francisco Jose Carrillo Vazquez ("Carrillo," or "debtor"). For the reasons stated below, the court denies Vazquez' motion.

**I. Jurisdiction.**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

**II. Procedural History.**

Carrillo filed a petition for relief under chapter 13 of the Bankruptcy Code on June 27, 2012. (Docket No. 1.) Included in schedule A is a property located in the Portugués Ward of

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

the Municipality of Adjuntas, Puerto Rico. Id. The property is not debtor's residence. Id. On October 25, 2012, Vazquez filed an unsecured proof of claim corresponding to "money loaned" to debtor in 2008. (Claims Register No. 4-1.) The claim is in the total amount of $43,750, including interest, of which $2,600 is listed as priority. Id. Submitted with the proof of claim are an interest schedule and a promissory note, as well as a pledge agreement and purchase option agreement that reference the Adjuntas property. (Docket No. 63.)

Debtor's amended plan was confirmed on July 2, 2013. (Docket Nos. 37 & 53.) Among other things, the plan provides for payment to Vazquez in the amount of $2,600–corresponding to the amount designated as priority–with the remainder of Vazquez' claim receiving pro-rata disbursements along with the other unsecured creditors. (Claims Register No. 4-1, Docket No. 37.)

Almost a year after the amended plan was confirmed, Vazquez filed a motion for relief of stay. (Docket No. 55.) Vazquez' motion appears to directly contradict at least some of the proof of claim he filed earlier in the case. Id. Now characterizing the 2008 transaction as an "acquisition" rather than a loan, the motion alleges that the money given to debtor was in full payment for the Adjuntas property pursuant to a purchase option agreement.[2] Id. Vazquez alleges that debtor acted in bad faith by not transferring title to the property to him prepetition and by not including the purchase option agreement in the schedules. Id. Vazquez

---

[2] As will be explained in more detail below, a review of the relevant documents does not fully reveal the nature of this unorthodox transaction. Such a determination, however, does not affect the court's analysis of Vazquez' motion.

2

now seeks to have the stay lifted to bring suit in local court against debtor for specific performance of the purchase option agreement. Id.

In his opposition, debtor contends that Vazquez has not demonstrated "cause" to modify or lift the stay since Vazquez is being paid in accordance with the terms of the confirmed plan, which are binding. (Docket No. 61.) Debtor also maintains that he is the rightful owner of the property. Id. At a final hearing held November 12, 2014, the parties agreed that the controversy was strictly a matter of law. After providing the parties with an opportunity to file additional briefs, the court took the matter under advisement. (Docket Nos. 78 & 79.)

## III.  Applicable Law and Discussion.

Section 1327 of the Code explains the effect of confirmation on the rights and obligations of debtors and their creditors. It provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted or has rejected the plan." 11 U.S.C. § 1327(a). The binding effect of confirmation is quite broad. Courts have held that once a plan is confirmed, a party may not exercise any prepetition right to collect a debt, such as by setoff or foreclosure, if it is inconsistent with the terms of the confirmed plan. See New Hampshire v. McGrahan (In re McGrahan), 459 B.R. 869, 874 (B.A.P. 1st Cir. 2011).

A confirmation order is a final order, and as such is often referred to as having *res judicata* effect as to "all issues that were or could have been decided during the confirmation process." Carvalho v. Fannie Mae (In re Carvalho), 335 F.3d 45, 49 (1st Cir. 2003). The terms of a confirmed plan "are not subject to collateral attack. The *res judicata* effect of confirmation

3

may be eliminated only if confirmation is revoked or if the case is later dismissed or converted to another chapter." See 8 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1327.02[1] (16th ed. 2014). The importance of imbuing confirmation orders with finality is reflected in the United States Supreme Court's decision in Espinosa, which held that a confirmed plan is binding on all parties even if the bankruptcy court improperly approved the plan, provided that the parties were afforded adequate notice and due process. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010).

Here, the court first finds that Vazquez was given adequate notice of debtor's bankruptcy case, and that there was no ambiguity as to the treatment of his claim under the plan. Vazquez was included in the creditor matrix filed with the petition, he received notice of the meeting of creditors and the confirmation hearing dates, and he was served with the amended plan. (Docket Nos. 1, 7, 19, 37, & 42.) Indeed, Vaquez filed a proof of claim on October 25, 2012. (Claims Register No. 4-1.) The plan also clearly provides for the treatment of Vazquez' claim, stating that the creditor is to receive $2,600 over the plan's duration, which corresponding to the amount Vazquez listed as priority in his proof of claim, with the remainder of his claim to be paid pro rata from the unsecured pool. (Docket No. 37.)

Vazquez never filed an objection to the amended plan or to any previous plan, nor did he or his attorney appear at the confirmation hearing to challenge the plan. (Docket Nos. 49 & 50.) It is not until almost a year after the case was confirmed that Vazquez first raised an objection, in the form of a motion for relief of stay, contesting not only his treatment under the plan but also the good faith of the debtor. (Docket No. 55.) These assertions come too late.

4

Vazquez' motion is in essence seeking an end-run around the binding effect of the confirmed plan. Regardless of whether he was entitled prepetition to any additional remedy with regard to the Adjuntas property–and it is certainly not clear that he was–Vazquez was given ample notice of how his claim was to be treated under the plan. By not raising the issue prior to confirmation, he is stuck with the treatment afforded to his claim under the plan. See In re McLemore, 426 B.R. 728, 744 (Bankr. S.D. Ohio 2010) ("a creditor or other party in interest who chooses to sleep on its rights by not objecting to a plan does so at its own peril and as long as due process requirements are met, will be bound by it.").

That being said, if Vazquez is unhappy with his treatment under the plan, he has only himself to blame. It takes a close inspection of the proof of claim and the supporting documents to find even a suggestion that Vazquez is seeking any additional remedy to that plainly stated on the proof of claim. At first blush, the transaction appears to be a typical loan: the proof of claim indicates that it is for "money loaned," and the proof of claim attaches an interest statement and a promissory note detailing the repayment terms. (Claims Register No. 4-1, Docket No. 63-1.) It is only after seeing that the amount listed as priority is for a "deposit toward the purchase, lease, or rental of property," and that the pledge agreement granted Vazquez a 15-day window, long since expired, to exercise a purchase option on the property, that there is even a hint that Vazquez is seeking an additional remedy.[3] (Docket No. 63-1 at p. 1.) Ultimately, it does not affect the disposition of this motion, as Vazquez is now bound and limited by the terms of the confirmed plan. McGrahan, 459 B.R. at 874.

---

[3]/While the proof of claim attached a copy of the purchase option agreement, no certified translation of the document, which is in the Spanish language, was provided.

With regard to his assertion that the petition was not filed in good faith, Vazquez is precluded from raising this issue now by the *res judicata* effect of the confirmation order.  In order to confirm a chapter 13 plan, a court must find, among others things, that the plan was proposed in good faith, and not by any means forbidden by law.  11 U.S.C. § 1325(a)(3).  It follows that a determination of debtor's good faith is then an issue that could have been litigated prior to confirmation.  As such, a party is barred from attempting to re-introduce the issue postconfirmation without directly seeking to revoke the confirmation order or by having the case dismissed or converted on other grounds.  See In re Marquez, 2011 Bankr. LEXIS 3806, at *34 (Bankr. D.P.R. Sept. 28, 2011) (finding confirmation order to have *res judicata* effect as to debtor's good faith in filing of the petition, court denied creditor's postconfirmation motion to dismiss on bad faith grounds).  In fact, courts have held that since the *res judicata* effect of a confirmation order covers all issues that were or could have been litigated prior to confirmation, then the only permissible grounds for a motion for relief of stay filed postconfirmation is for debtor's failure to comply with the terms of the confirmed plan.  8 Collier on Bankruptcy at ¶ 1327.02[1][c].  See In re Morrow, 495 B.R. 378, 387 (Bankr. N.D. Ill. 2013) ("courts that have considered postconfirmation relief from stay motions in any detail have, without fail, concluded that after confirmation, a movant's grounds generally are limited to postconfirmation defaults on the debtor's plan.")  In view of the above, the court finds that Vazquez has failed to establish "cause" under section 362(d)(1) for lifting or modifying the automatic stay postconfirmation.

## IV. Conclusion.

Accordingly, the motion to lift stay at docket number 55 is denied.

SO ORDERED.

In Ponce, Puerto Rico, this 31st day of March, 2015.

Edward A. Godoy
U.S. Bankruptcy Judge